IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT CHANDLER,

    Plaintiff,

v.                                                                                            Civ. No. 21-1228 KG/SCY

PAY-N-SAVE, INC. (Lowe's
Supermarkets); ANN YEVETTE LOWE, VP;
LEZLIE LOWE, Secretary; ROGER C. LOWE,
President/Agent; ROGER LOWE JR., Vice President;
and VERONICA LNU, Store Manager,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on three motions: 1) Defendants' Motion to Dismiss, (Doc. 11), which is fully briefed, (Docs. 13, 16); 2) Defendants' Motion to Strike Plaintiff's Surreply (Doc. 19) (Motion to Strike), (Doc. 22), which is fully and timely briefed, (Docs. 25, 26); and 3) Plaintiff's Motion for Leave to File an Amended Complaint (Motion for Leave), (Doc. 28), which is fully and timely briefed, (Docs. 29, 30). For the reasons explained herein, the Court grants-in-part Defendants' Motion to Dismiss, grants Defendants' Motion to Strike, and denies Plaintiff's Motion for Leave. Additionally, Plaintiff may submit a motion for leave to file an amended complaint and a copy of the proposed amended complaint within fourteen (14) days from the date of entry of this Order.

I.    *Background*

Plaintiff Robert Chandler is an African American resident of Tucumcari, New Mexico. He contends he is disabled because he suffers "from constant high blood pressure, severe headache, extreme anxiety, nausea and head congestion, [and] seizure, which sometimes result in

fainting[.]" (Doc. 5) at ¶ 10. On October 22, 2021, he went to a Lowe's Supermarket in Tucumcari to purchase groceries, including "meat, fruits, vegetable[s], and a canned beer (Mike['s] Hard Lemonade)." *Id.* at ¶ 11. The cashier called for a manager to check Plaintiff's ID. *Id.* at ¶ 12. One way or another, the store declined to sell Plaintiff any alcohol, but did ask whether he would proceed with the remainder of the purchase. *Id.* at ¶ 27. A verbal altercation ensued. Police were called. The store manager, Veronica, told officers she "felt like [Plaintiff] was under the influence." *Id.* at 18. Plaintiff was ultimately removed from the premises, arrested, and charged with misdemeanor criminal trespass and petty misdemeanor disorderly conduct. He subsequently pled guilty to the disorderly conduct charge.[1] *State of New Mexico v. Robert Chandler*, Case No. M-40-MR-2021-00181, Plea & Disposition Agreement, filed Aug. 9, 2022.

Plaintiff filed this case on December 30, 2021, (Doc. 1), and filed an Amended Complaint as of right on January 3, 2022, (Doc. 5). He contends the store, its manager, and its corporate officers discriminated against him based on race and disability status, in violation of Title II of the Civil Rights Act, 42 U.S.C. § 2000a, and the New Mexico Human Rights Act, NMSA § 28-1-7; retaliated against him for raising the specter of discrimination; defamed him by telling officers the store manager "felt" he was under the influence of alcohol; and that the conduct was so outrageous it rises to the level of intentional infliction of emotional distress.

---

[1] The Court takes judicial notice of the collateral state court proceeding. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting court "may exercise [its] discretion to take judicial notice of publicly-filed records in . . . certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *see also St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts . . . may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

II.     *Standards of Review*

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must set forth factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In analyzing a Rule 12(b)(6) motion to dismiss, all "well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Santa Fe Alliance for Public Health and Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (citation omitted). A court "will disregard conclusory statements and look only to whether the remaining factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Dismissal with prejudice "is appropriate where a complaint fails to state claim under Rule 12(b)(6) and granting leave to amend would be futile." *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)). A proposed amendment is futile if the amended complaint would be subject to dismissal. *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022).

The Local Rules of Civil Procedure for the District of New Mexico provide that a party must seek leave of the Court to file a surreply. *See* D.N.M.LR-Civ. 7.4(b). Whether to permit a surreply is a matter of discretion. *Conroy v. Vilsack*, 707 F.3d 1163, 1179 n.6 (10th Cir. 2013). "Courts generally do not grant a party leave to file a sur-reply unless the opposing party's reply brief includes new information that the responding party needs an opportunity to address." *Carrasco v. N.M. Dep't of Workforce Solutions*, 2013 WL 12092509, *5 (D.N.M. 2013). Therefore, "a district court abuses its discretion only when it both denies a party leave to file a

surreply *and* relies on new materials or new arguments in the opposing party's reply brief." *Conroy*, 707 F.3d at 1179 n.6 (emphasis in original).

Courts have the inherent authority to manage their dockets and preserve the integrity of the judicial process. *Chambers v. NASCO*, 501 U.S. 32, 49 (1991). Local Rule 15.1 requires a plaintiff to attach its proposed amended complaint as an exhibit to any motion to amend. D.N.M.LR-Civ. 15.1. "This Rule exists, at least in part, so the Court may fully consider whether to grant leave to file a specific proposed amended pleading." *Alpha Alpha, LLC v. Land Strategies, LLC*, No. CV 18-648 KG/JFR, ECF No. 77 at 5.

Because Plaintiff is represented by counsel, the Court need not liberally construe his pleadings. *Cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (announcing standard for construing *pro se* litigant's pleadings is "less stringent" than "formal pleadings drafted by lawyers").

III. *Analysis*

Defendants' Motion to Dismiss is granted-in-part, in that several claims will be dismissed without prejudice. In ruling on the Motion to Dismiss, the Court did not consider factual allegations asserted for the first time in briefing, that is, not contained within the four corners of the Amended Complaint, and did not consider Plaintiff's unauthorized surreply. In that way, the Court grants the Motion to Strike. While Plaintiff correctly argues that leave to amend is freely granted, especially when a case remains in its nascent stages, he failed to comply with the Local Rules and failed to attach a proposed complaint. For this reason, Plaintiff's Motion for Leave is denied without prejudice. The Court reminds Plaintiff's counsel that practicing in this District requires familiarity and compliance with the Local Rules. However, the Court hereby allows

Plaintiff fourteen (14) calendar days to file a new, compliant motion to amend that includes the full proposed amended complaint. The Court addresses the Motions in reverse order.

A. *Motion for Leave*

Plaintiff's Motion for Leave seeks to add two claims: one for discrimination based on disability, pursuant to Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182; and the other for "admission of agency," which appears to assert a theory of vicarious liability against Defendant Pay-n-Save based on the conduct of its employees. *See* (Doc. 28). Plaintiff did not, however, attach a proposed amended complaint, as required by D.N.M.LR-Civ. 15.1. This District requires parties to submit proposed amended pleadings along with the motion for leave to amend "so the Court may fully consider whether to grant leave to file a specific proposed amended pleading." *Alpha Alpha, LLC*, No. CV 18-648 KG/JFR, ECF No. 77 at 5. That is, the Court must apply the Rule 12(b)(6) standard when deciding whether to grant leave to amend, and it cannot apply this standard without a complete, cohesive pleading to review.

While Plaintiff contends his intermixed factual and legal arguments, presented in unnumbered paragraphs, are the amended complaint and could simply be added to the existing Amended Complaint, (Doc. 30) at 6, the Court disagrees. It is neither the Court's job nor its place to construct a pleading for a represented party.

Given the lack of a proposed amended complaint for the Court to review, Plaintiff's Motion for Leave is denied. However, for the same reason, the Court will grant Plaintiff leave to file a compliant motion for leave to amend within fourteen (14) calendar days from the date of entry of this Order. Plaintiff will comply with all applicable Federal and Local Rules of Civil Procedure, including but not limited to Federal Rule 10(b), requiring separate numbered paragraphs, with each paragraph limited to a single set of circumstances, and Local Rule 15.1,

requiring a complete proposed amended complaint be submitted with the motion for leave. Defendants will have the opportunity to oppose any motion for leave to amend.

### B. *Motion to Strike*

Defendants seek to strike Plaintiff's surreply (Doc. 19) in opposition to the Motion to Dismiss (Doc. 11). (Doc. 22). Defendants argue that Plaintiff neither sought nor received leave of Court to file the surreply and, therefore, the surreply is unauthorized and inappropriate. Plaintiff counters that Rule 12(f) is disfavored and should not be applied to the surreply. (Doc. 25). Moreover, Plaintiff contends Defendants misrepresented the Amended Complaint, and these misrepresentations necessitated the surreply. *Id.*

As an initial matter, Rule 12(f) does not apply and was not invoked by Defendants. Rule 12(f) provides that a court may strike an insufficient defense or certain matters "from a pleading . . . ." A Colorado district court explained that

> [o]nly material included in a "pleading" may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, memoranda, objections, or affidavits may not be attacked by the motion to strike.

*Dubrovin v. The Ball Corp. Consol. Welfare Ben. Plan for Employees*, 2009 WL 5210498, at *1 (D. Colo.) (citation omitted); *accord Ysais v. New Mexico Judicial Standard Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009), *aff'd sub nom. Ysais v. New Mexico*, 373 Fed. Appx. 863 (10th Cir. 2010) (observing that "[g]enerally . . . motions, briefs, and memoranda may not be attacked(?) by a motion to strike"). The surreply is not a "pleading" within the meaning of the Rules. Therefore, Rule 12 does not apply.

However, "a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'" *Ysais*, 616 F. Supp. 2d at 1184 (quoting *Superior Prod. P'ship v. Gordon Auto. Body Parts Co.*, No. 06-cv-916, 2008 WL 2230774, at *1 (S.D. Ohio

6

May 28, 2008)); *see also In re Hopkins*, No. 98-1186, 162 F.3d 1173, 1998 WL 704710, at *3 n.6 (10th Cir. 1998) (same); *Jones v. United Space Alliance, LLC*, 170 Fed. Appx. 52, 57 (11th Cir. 2006) (same).

Local Rule 7.4(b) states that "[t]he filing of a surreply requires leave of the Court." It is undisputed that Plaintiff neither sought nor received leave of Court to file the surreply. Plaintiff asserts that various misrepresentations of his Amended Complaint contained in the Motion to Dismiss and Reply thereto warranted the filing of the surreply, but the Court disagrees. Given that a motion to dismiss tests the sufficiency of the plaintiff's complaint, the Court simply evaluates the sufficiency of the Amended Complaint itself. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). Any misrepresentations or misunderstandings contained within the briefing plainly present themselves and do not require further exposition from Plaintiff's counsel.

Because Plaintiff failed to comply with Local Rule 7.4(b), and because a surreply is not otherwise warranted by the circumstances, Defendants' Motion to Strike is well-taken and is granted. Plaintiff's surreply (Doc. 19) is hereby STRICKEN from the record. The Court did not consider the unauthorized surreply in evaluating the Motion to Dismiss.

C. *Motion to Dismiss*

Defendants move to dismiss Plaintiff's Amended Complaint *in toto* and with prejudice. Specifically, Defendants argue: 1) Plaintiff brings no factual allegations against the individual defendants, so they should be dismissed; 2) the Lowe's supermarket is not a "place of public accommodation" within the meaning of Title II of the Civil Rights Act, so Count I should be dismissed; 3) Plaintiff failed to exhaust his administrative remedies under the New Mexico Human Rights Act, so Counts II and III should be dismissed; 4) the allegedly retaliatory conduct

7

occurred *before* Plaintiff raised the specter of discrimination, and therefore could not be retaliatory, so Count III should be dismissed; 5) the store manager's statement that she "felt" Plaintiff was under the influence of alcohol was a statement of opinion, not of fact, and therefore could not be defamatory; moreover, Plaintiff failed to allege actual injury to sustain the defamation claim, therefore, Count IV should be dismissed; and 6) the complained-of conduct does not rise to the level of "outrageous conduct," so Count V, for intentional infliction of emotional distress, should also be dismissed. The Court grants-in-part Defendants' Motion to Dismiss and allows Plaintiff fourteen (14) calendar days to file a new, compliant motion for leave to amend, as discussed above.

      i.    *The Lowe Defendants*

Plaintiff identifies the following individual defendants in the caption of the Amended Complaint: Ann Yevette Lowe, VP; Lezlie Lowe, Secretary; Roger C. Lowe, President/Agent; and Roger Lowe Jr., Vice President (Lowe Defendants).[2] *See* (Doc. 5). It appears Plaintiff brings, or attempts to bring, Count II, III, and V against all Defendants, including the Lowe Defendants. Plaintiff does not otherwise identify the Lowe Defendants in the Amended Complaint.

In briefing, Plaintiff cites *Clay v. Ferrellgas*, 1994-NMSC-080, for the proposition that the Lowe Defendants could be held liable, individually, based on the totality of conduct of Lowe's employees. Plaintiff misapprehends *Clay*. That case stands for the proposition that cumulative conduct of employees may be sufficient to establish a company's culpable mental

---

[2] Plaintiff also identified Veronica LNU, Store Manager. Plaintiff brings express factual allegations regarding Veronica at various points in the Amended Complaint, including that Plaintiff "questioned" her "why he was being discriminated against," and she "retaliated" by revoking his privilege to be in the store and declaring him a trespasser. *Id.* at 15. Therefore, the Court does not include Veronica in the instant analysis.

8

state for purposes of punitive damages. 1994-NMSC-080, ¶ 16. *Clay* does not operate to pierce the corporate veil and establish individual liability for company owners/managers against whom no specific allegations are made.

Seeing no allegations involving any of the Lowe Defendants individually, the Court agrees with Defendants that Plaintiff failed to state a claim against any of the Lowe Defendants. In this regard, the Court grants Defendants' Motion to Dismiss all claims against the Lowe Defendants without prejudice.

        ii.    *Not a "Place of Public Accommodation" for Purposes of Title II of the Civil Rights Act*

Title II of the Civil Rights Act provides, among other things, that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). The statute continues to define a "place of public accommodation" as any of the following, so long as "its operations affect commerce, or if discrimination or segregation by it is supported by State action," "any restaurant, cafeteria, lunchroom, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station[.]" 42 U.S.C. § 2000a(b)(2).[3]

In Count I, Plaintiff alleges Lowe's discriminated against him on the basis of race or color, in violation of 42 U.S.C. § 2000a. (Doc. 5) at 10. However, Plaintiff makes no factual allegations in the Amended Complaint suggesting that "Lowe's Supermarket" constitutes a

---

[3] Plaintiff argues that the Lowe's qualifies as a place of public accommodation under 42 U.S.C. § 2000a(b)(2), so the Court addresses only this prong.

9

"place of public accommodation" within the meaning of the Civil Rights Act. Courts have "excluded grocery stores from the statute's protections where they are retail establishments that do not serve food for on-premises consumption." *McArthur v. C-Town Super Market*, 2022 WL 2981573, at *3 (D. Conn. July 28, 2022); *see also Dunn v. Albertsons*, 2017 WL 3470573, at *4 (D. Nev. Aug. 10, 2017) (concluding retail grocery store not a covered establishment); *Jackson v. Walgreens Co.*, 2016 WL 4212258, at *2 (D. Minn. Aug. 10, 2016) (concluding retail pharmacy selling packaged food was not a covered establishment); *Gigliotti v. Wawa Inc.*, 2000 WL 133755, at *2 (E.D. Pa. Feb. 2, 2000) (concluding convenience store that was not "principally engaged in selling for consumption on the premises" was not a covered establishment); *but see Brown v. Whole Foods Mkt. Grp., Inc.*, 965 F. Supp. 2d 132, 138 (D.D.C. 2013) (concluding grocery store with a "fully functioning restaurant" was a covered establishment), *rev'd in part on other grounds*, 789 F.3d 146 (D.C. Cir. 2015).

Indeed, Plaintiff alleges he was purchasing food to take home with him. (Doc. 5) at ¶ 11. Plaintiff alleges no facts indicating that Lowe's serves food for on-premises consumption.[4] Accordingly, the Court finds that Lowe's Supermarket, as alleged, is a retail establishment not principally engaged in selling food for consumption on the premises and concludes that it is not covered by § 2000a.[5] For these reasons, the Court grants Defendants' Motion to Dismiss Count I without prejudice.

---

[4] Plaintiff attempts to add additional information in his Response to the Motion to Dismiss, including allegations that vending machines constitute "soda fountains" and that the store sells prepared chicken and salads. (Doc. 13). However, for purposes of the Motion to Dismiss, the Court considers only the well-pled factual allegations contained in the Amended Complaint. *Santa Fe Alliance for Public Health and Safety*, 993 F.3d at 811.

[5] Plaintiff invokes additional aspects of Title II and purported violations thereof. *See* (Doc. 5). However, Plaintiff's Title II allegations all hinge on Lowe's Supermarket being a "place of public accommodation" within the meaning of § 2000a. Because the Court concludes § 2000a does not apply, the Court does not address the other alleged Title II violations.

iii.   *Failure to Exhaust Under the New Mexico Human Rights Act*

Plaintiff invokes the New Mexico Human Rights Act, NMSA 1978, § 28-1-1 *et seq.* (NMHRA), in Count II (discrimination) and Count III (retaliation). The NMHRA makes it unlawful for:

> (F) any person in any public accommodation to make a distinction, directly or indirectly, in offering or refusing to offer its services, facilities, accommodations or goods to any person because of race, religion, color, national origin, ancestry, sex, sexual orientation, gender identity, pregnancy, childbirth or condition related to pregnancy or childbirth, spousal affiliation or physical or mental handicap; provided that the physical or mental handicap is unrelated to a person's ability to acquire or rent and maintain particular real property or housing accommodation; …
>
> (I) any person or employer to: … (2) engage in any form of threats, reprisal or discrimination against any person who has opposed any unlawful discriminatory practice or has filed a complaint, testified or participated in any proceeding under the [NMHRA]; ….

§ 28-1-7. In this context, a "person" means "one or more individuals, a partnership, association, organization, corporation, joint venture, legal representative, trustees, receivers or the state and all of its political subdivisions." § 28-1-2(A). A "public accommodation" for NMHRA purposes means "any establishment that provides or offers its services, facilities, accommodations or goods to the public, but does not include a bona fide private club or other place or establishment that is by its nature and use distinctly private." § 28-1-2(H).

Before bringing a claim under the NMHRA, a plaintiff must first exhaust the administrative grievance process with respect to all defendants named in the district-court lawsuit. *Dimas v. Pecos Ind. School Dist. Bd. of Ed.*, 2022 WL 816501, at *9 (D.N.M. Mar. 17, 2022) (citing *Luboyeski v. Hill*, 1994-NMSC-032, ¶ 7). Exhaustion of remedies requires a person to: (i) file a complaint with the New Mexico Human Rights Division or the Equal Employment Opportunity Commission making sufficient allegations to support the complaint;

11

and (ii) receive an order of nondetermination from the New Mexico Human Rights Division. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 25.

Plaintiff alleges he exhausted his administrative remedies because he sent "a timely administrative charge against Defendant, (demand Letter) claiming discrimination based on race/black in violation of Title II of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq." on November 27, 2021. (Doc. 5) at ¶ 9. He further contends he "received no response" "[o]n or about December 30, 2021."[6] *Id.* While Plaintiff correctly states that a complainant may "request and shall receive an order of nondetermination from the director without delay," and that the order of nondetermination is appealable, *see* NMSA 1978, § 28-1-10(D), Plaintiff cites no authority, and the Court is aware of none, for the proposition that receiving "no response" 30 days after filing an administrative charge constitutes the exhaustion of administrative remedies.

Plaintiff also argues exhaustion was not required because the administrative remedies were "inadequate," within the meaning of *Lobato v. State Environment Department*, 2012-NMSC-002. (Doc. 13) at 9-10. In *Lobato*, the New Mexico Supreme Court determined that the complaint form promulgated by the New Mexico Human Rights Division "fail[ed] to provide a fair and adequate opportunity to exhaust administrative remedies against individual defendants as required by the NMHRA," and therefore exhaustion was not required. 2012-NMSC-002, ¶ 10. At the time, the form instructed the filer to "report only the employer or agency involved but [did] not instruct filers to report the 'person' involved." *Id.* at ¶ 9. Given this discrepancy, the *Lobato* Court excused exhaustion against the individual defendants.

---

[6] In his surreply, which the Court has not considered in deciding the Motion to Dismiss, Plaintiff contends he subsequently requested and received an Order of Nondetermination from the New Mexico Human Rights Division. (Doc. 19). Whether Plaintiff subsequently exhausted administrative remedies sounds more on the question of an amended complaint than on whether Plaintiff states a viable claim in the present complaint.

12

*Lobato* does not apply to this case. In briefing, Plaintiff states he requested an order of nondetermination the day after the New Mexico Human Rights Division recorded receipt of the administrative charge. *Id.* at 10. Plaintiff argues that the Division's delay in providing an order of nondetermination is tantamount to the confusion created by requiring exhaustion against individual defendants while not providing space to name an individual on the charge form. The Court is not persuaded.

Plaintiff is not and was not excused from exhausting administrative remedies. For this reason, the Court grants the motion to dismiss Counts II and III without prejudice to a subsequent motion to amend.

      iv.    *Retaliatory Conduct*

Separate from the exhaustion issue, Defendants move to dismiss Count III (retaliation) on the basis that the allegedly retaliatory conduct—deciding not to sell Plaintiff alcohol—occurred *before* Plaintiff raised the specter of discrimination and, therefore, could not be retaliatory. (Doc. 11) at 9-10. Defendants misstate Plaintiff's claim. Plaintiff claims he was denied the sale of alcohol, asked why he "was being discriminated against and asked the police officers to give him a police report as to the incident because he intends to file a discrimination report," and *then* "the manager retaliated and revoked [Plaintiff's] privilege and declared him a trespasser and ordered for his arrested [sic]." (Doc. 5) at 15.

The NMHRA makes it unlawful to "engage in any form of threats, reprisal or discrimination against any person who has opposed any unlawful discriminatory practice or has filed a complaint, testified or participated in any proceeding" under the NMHRA. NMSA 1978, § 28-1-7(I)(2) (emphasis added). Accepting as true Plaintiff's contention that Lowe's denied the sale of alcohol based on Plaintiff's race, Plaintiff adequately alleged that he "opposed" that

13

practice by asking why Lowe's discriminated against him and asking for a police report. This could support the inference that the manager retaliated against Plaintiff's opposition to the alleged discrimination by revoking Plaintiff's privilege to visit Lowe's and declaring that he was trespassing.

While the Court grants Defendants' Motion to Dismiss Count III without prejudice based on failure to exhaust administrative remedies, the Motion is denied to the extent Defendants seek dismissal for failure to state a claim for NMHRA-based retaliation.

      v.    *Defamation*

Count IV alleges that Lowe's Supermarket defamed Plaintiff when the manager, Veronica, told officers she "felt like [Plaintiff] was under the influence." (Doc. 5) at 18. Count IV does not identify as being brought against any of the individual defendants.

A prima-facie showing of defamation requires:

> (1) a published communication by the defendant; (2) the communication includes an asserted statement of fact; (3) the communication was concerning the plaintiff; (4) the statement of fact is false; (5) the communication was defamatory; (6) the persons receiving the communication understood it to be defamatory; (7) the defendant knew the communication was false or negligently failed to recognize that it was false … ; (8) the communication caused actual injury to the plaintiff's reputation; and (9) the defendant abused its privilege to publish the communication.

*Young v. Wilham*, 2017-NMCA-087, ¶ 55 (citing UJI 13-1002(B) NMRA). Plaintiff must show solely that "the defendant acted negligently in publishing a defamatory statement." *Id.* at ¶ 10 (citing *Newberry v. Allied Stores, Inc.*, 1989-NMSC-024, ¶ 17).

Defendants argue that Veronica's statement was one of opinion, not fact, and could therefore could not be defamatory; and even if the statement could be considered factual, Plaintiff failed to allege actual injury to his reputation. (Doc. 11) at 10-11.

      i.    *Opinion vs. Fact*

"No task undertaken under the law of defamation is any more elusive than distinguishing between fact and opinion." *Moore v. Sun Publ'g Corp.*, 1994-NMCA-104, ¶ 24. "Where the statements are unambiguously fact or opinion, … the court determines as a matter of law whether the statements are fact or opinion. However, where the allegedly defamatory remarks could be determined either [way], … there is a triable issue of fact for the jury." *Marchiando v. Brown*, 1982-NMSC-076, ¶ 58 (quoting *Bindrim v. Mitchell*, 92 Cal. App. 3d 61, 77-78, *cert. denied* 444 U.S. 984 (1979)). The challenge arises from the fact that "expressions of 'opinion' may often imply an assertion of objective fact." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18 (1990). New Mexico courts confronted with this question consider three things: "(1) the entirety of the publication[,] (2) the extent that the truth or falsity may be determined without resort to speculation[,] and (3) whether reasonably prudent persons [hearing] the publication would consider the statement as an expression of opinion or a statement of fact." *Marchiando v. Brown*, 1982-NMSC-076, ¶ 35. "If the material as a whole contains full disclosure of the facts upon which the publisher's opinion is based and which permits the [hearer] to reach his own opinion, the court in most instances will be required to hold that it is a statement of opinion, and absolutely privileged." *Id.* at ¶ 56. "[T]he crucial difference between statement of fact and opinion depends upon whether ordinary persons hearing … the matter complained of would be likely to understand it as an expression of the speaker's … opinion, or as a statement of existing fact." *Id.* at ¶ 57. However, "where there are implications in the statement that the [speaker] has private, underlying knowledge to substantiate [her] comments about plaintiff, and such knowledge implies the existence of defamatory facts, the statement is deemed to be factual and not privileged." *Id.* at ¶ 56.

Veronica allegedly told police officers that she "felt" Plaintiff was intoxicated. This statement could imply the defamatory facts that Plaintiff was inebriated in public and, presumably, had driven to the store under the influence. Therefore, the Court cannot decide as a matter of law that Plaintiff failed to allege a defamatory statement.

> ii.   *Actual Injury*

"[N]o matter how opprobrious a defendant's statement may be, a plaintiff is not entitled to recover damages unless he or she can show that it caused an injury to reputation." *Fikes v. Furst*, 2003-NMSC-033, ¶ 12. Proof of actual injury to reputation is an essential element of a prima facie defamation claim. *See* UJI 13-1002(B)(8) NMRA (providing that plaintiff has the burden of proving that "[t]he communication caused actual injury to the plaintiff's reputation"); *Fikes*, 2003-NMSC-033, ¶ 12.

Injury to reputation can be established "in any number of ways." *Smith v. Durden*, 2012-NMSC-010, ¶ 35. Factual allegations of lost employment or business, damage to one's good name and character among friends and neighbors, harm to one's good standing in the community, or even a decline in general social invitations may be sufficient to establish actual injury to reputation, "assuming such [allegations] could be … linked to the defamatory communication." *Id.*; *see also* UJI 13-1010 NMRA (enumerating types of harm for which successful defamation plaintiff may recover).

Here, Plaintiff makes "[t]hreadbare recitals of the elements of" actual injury to his reputation, "supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff alleges that Veronica's statement "exposed [him] to hatred, contempt, ridicule, and shame, and discouraged others from associating or dealing with him," and that he has "suffered … harm to his reputation, mental anguish, emotional harm, exposure to contempt,

prosecution, ridicule, and shame, and physical threats of violence to her [sic] person and life." (Doc. 5) at 18. Nowhere in the Amended Complaint does Plaintiff make factual allegations supporting these conclusions.

Because Plaintiff failed to allege facts supporting an essential element of his defamation claim, to wit, actual injury to reputation, the Court grants Defendants' Motion to Dismiss Count IV without prejudice.

> vi. *Intentional Inflict of Emotional Distress*

Plaintiff brings his fifth and final cause of action, Count V – Intentional Infliction of Emotional Distress (IIED), against all Defendants. Defendants move to dismiss Count V because reasonable minds could not differ on whether the overall conduct of Lowe's and Veronica was so extreme and outrageous as to permit the claim to move forward. (Doc. 11) at 13. For the reasons explained below, Defendants' Motion to Dismiss is denied as to Count V.

To succeed on an IIED claim, Plaintiff must establish: "1) extreme and outrageous conduct; 2) that was intentional or in reckless disregard of the plaintiff; 3) where the plaintiff's mental distress was extreme and severe; and 4) where a causal connection exists between the defendant's conduct and the plaintiff's mental distress." *Hartwell v. Southwest Cheese Co., LLC*, 2017 WL 944125, at *20 (D.N.M. Jan. 23, 2017) (citing *Baldonado v. El Paso Nat. Gas Co.*, 2008-NMSC-005, ¶ 27). "Extreme and outrageous conduct" means that which is "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Trujillo v. N. Rio Arriba Elec. Co-op, Inc.*, 2002-NMSC-004, ¶ 25 (quoting Restatement (Second) of Torts § 46 cmt. d (1965)); *see also* UJI 13-1628 NMRA. "Emotional distress is 'severe' if it is of such an intensity and duration that no ordinary person would be expected to tolerate it." UJI 13-1628 NMRA.

The Court must determine, as a matter of law, whether the conduct at issue "reasonably may be regarded as so extreme and outrageous that it will permit recovery under the tort of intentional infliction of emotional distress." *Trujillo*, 2002-NMSC-004, ¶ 26 (citation omitted). "When reasonable persons may differ on that question," dismissal at this stage is inappropriate. *Id.* (citation omitted).

Here, Plaintiff alleges that Lowe's employees declined to sell him alcohol prior to any erratic behavior on his part. He contends he then asked why he was "being discriminated against" and engaged in a heated exchange with at least one employee. Police were called. Ultimately, Veronica told officers she felt Plaintiff was under the influence of alcohol, declared him a trespasser, and had him removed. Officers—separate and apart from Lowe's employees and Veronica—arrested Plaintiff.

Plaintiff alleged adequate facts, accepted as true based on the procedural posture of this case, to infer that Lowe's refused to sell him alcohol based on his race. When he questioned this decision, the situation escalated. Accepting Plaintiff's well-pled factual allegations as true, a reasonable factfinder could infer that Veronica's statement to Officers was made to cover-up the discrimination, and in reckless disregard for the consequences to or impact on Plaintiff.

While the Court makes no pronouncement on the ultimate viability of this claim, Plaintiff made adequate factual allegations to survive a motion to dismiss on his IIED claim. For these reasons, Defendants' Motion to Dismiss is denied as to Count V.

IV. *Conclusion*

For the reasons explained above, Plaintiff's Motion for Leave (Doc. 28) is denied with prejudice; Defendants' Motion to Strike (Doc. 22) is granted and Plaintiff's Surreply, Doc. 19, is hereby stricken from the record; and Defendants' Motion to Dismiss (Doc. 11) is granted-in-part

in that all claims against the Lowe Defendants are dismissed without prejudice, as are Counts I, II, and III. Plaintiff may move to file a compliant amended complaint within fourteen (14) days from the date of entry of this Memorandum Opinion and Order.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE