IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT CHANDLER,

    Plaintiff,

v.                                                      Civ. No. 21-1228 KG/SCY

PAY-N-SAVE, INC. (Lowe's
Supermarkets); ANN YEVETTE LOWE, VP;
LEZLIE LOWE, Secretary; ROGER C. LOWE,
President/Agent; ROGER LOWE JR., Vice President;
and VERONICA LNU, Store Manager,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint. (Doc. 34). The sole remaining defendant, Pay-N-Save, Inc. ("Lowe's"), timely objected to the proposed amendment, and Plaintiff replied. (Docs. 35, 36). As further explained herein, the Court grants-in-part and denies-in-part the Motion (Doc. 34). Plaintiff will file the Amended Complaint, as described herein, within three (3) calendar days from the date of entry of this Order. In doing so, Plaintiff may not make any substantive changes to the Amended Complaint.

I.    *Background*

Plaintiff Robert Chandler is an African American resident of Tucumcari, New Mexico. He contends he is disabled because he suffers "from constant high blood pressure, severe headache, extreme anxiety, nausea and head congestion, [and] seizure, which sometimes result in fainting[.]" (Doc. 5) at ¶ 10. On October 22, 2021, he went to a Lowe's Supermarket in Tucumcari to purchase groceries, including "meat, fruits, vegetable[s], and a canned beer

(Mike['s] Hard Lemonade)." *Id.* at ¶ 11. The cashier called for a manager to check Plaintiff's ID. *Id.* at ¶ 12. One way or another, the store declined to sell Plaintiff any alcohol, but did ask whether he would proceed with the remainder of the purchase. *Id.* at ¶ 27. A verbal altercation ensued. Police were called. The store manager, Veronica, told officers she "felt like [Plaintiff] was under the influence." *Id.* at 18. Plaintiff was ultimately removed from the premises, arrested, and charged with misdemeanor criminal trespass and petty misdemeanor disorderly conduct. He subsequently pled guilty to the disorderly conduct charge.[1] *State of New Mexico v. Robert Chandler*, Case No. M-40-MR-2021-00181, Plea & Disposition Agreement, filed Aug. 9, 2022.

Plaintiff filed this case on December 30, 2021, (Doc. 1), and filed an Amended Complaint as of right on January 3, 2022, (Doc. 5). The Court granted in part Defendants' Motion to Dismiss and allowed Plaintiff to move to file an amended complaint via Memorandum Opinion and Order on September 2, 2022. (Doc. 33). Plaintiff timely moved to amend his Complaint on September 15, 2022. (Doc. 34).

Plaintiff contends that: 1) the store, through its manager and employees, discriminated against him based on race, in violation of Title II of the Civil Rights Act, 42 U.S.C. § 2000a (Count 1(i)); 2) he was punished for exercising rights and privileges secured by § 2000a, in

---

[1] The Court takes judicial notice of the collateral state court proceeding. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting court "may exercise [its] discretion to take judicial notice of publicly-filed records in . . . certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *see also St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts . . . may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

2

violation of 42 U.S.C. § 2000a-2 (Count 1(ii));[2] 3) he was excluded, on the basis of race, from participation in or denied the benefits of a program receiving federal financial assistance, in violation of 42 U.S.C. § 2000d (Count 1(v)); 4) the store, through its manager and employees, discriminated against him by excluding him on the basis of disability, in violation of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181–12189 (Count 2); 5) the store failed to modify its policies to accommodate Plaintiff's alleged disability, also in violation of Title III of the ADA (Count 2(iii)); 6) the store, through its manager and employees, discriminated against him based on race and disability, in violation of the New Mexico Human Rights Act (NMHRA), NMSA § 28-1-7 (Count 3); 7) the store retaliated against him for raising the specter of discrimination, also in violation of the NMHRA (Count 4); 8) store employees defamed him by telling officers the store manager "felt" he was under the influence of alcohol, in violation of New Mexico common law (Count 5); and 9) that the conduct was so outrageous it rises to the level of intentional infliction of emotional distress, in violation of New Mexico common law (Count 6). Next, Plaintiff asserts Count 7, "Vicarious Liability (Admission of Agency)." It is unclear to the Court whether Count 7 simply argues that Lowe's is vicariously liable for its employees' actions, in which case Count 7 does not assert a separate "claim," or Plaintiff intends to assert a separate claim for negligent training, hiring, retention, and supervision, *see* Count 7(i). Counts 8 and 9 seek punitive damages and injunctive relief, respectively.

---

[2] Counts 1(iii) and (iv) relate to whether the Lowe's constitutes a place of public accommodation within the meaning of 42 U.S.C. § 2000a(b)(2) and whether the Lowe's affects commerce within the meaning of 42 U.S.C. § 2000a(c).

II.     *Standards of Review*

Federal Rule of Civil Procedure 15(a)(2) provides that a party, who has either already amended or is beyond the time to amend a pleading as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave." As the Tenth Circuit has explained,

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (citations omitted). The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowec-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

Courts should grant plaintiffs leave to amend a complaint only "when doing so would yield a meritorious claim." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001); *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022).

At this stage of the proceedings, the Court considers whether Plaintiff's proposed amended complaint would be subject to dismissal for failure to state a claim under Rule 12(b)(6). That Rule requires a plaintiff's complaint to set forth factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In analyzing a Rule 12(b)(6) motion to dismiss, all "well-pleaded factual allegations in the

complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Santa Fe Alliance for Public Health and Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (citation omitted). A court "will disregard conclusory statements and look only to whether the remaining factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Dismissal with prejudice "is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).

Because Plaintiff is represented by counsel, the Court need not liberally construe his pleadings. *Cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (announcing standard for construing *pro se* litigant's pleadings "less stringent" than "formal pleadings drafted by lawyers").

III.   *Analysis*

Plaintiff's Motion to Amend is granted-in-part and denied-in-part. In ruling on the Motion to Amend, the Court did not consider factual allegations asserted for the first time in briefing, that is, not contained within the four corners of the proposed Amended Complaint. The Court addresses each Count in turn.

    A.    *Count 1(i): Race-Based Discrimination in Violation of Title II of the Civil Rights Act*

Title II of the Civil Rights Act provides, among other things, that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42

5

U.S.C. § 2000a(a). The statute continues to define a "place of public accommodation" as any of the following, so long as "its operations affect commerce, or if discrimination or segregation by it is supported by State action," "any restaurant, cafeteria, lunchroom, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station[.]" 42 U.S.C. § 2000a(b)(2).[3]

Accepting the factual allegations in Plaintiff's proposed Amended Complaint as true, the Court finds Plaintiff adequately pled a claim for race-based discrimination under Title II of the Civil Rights Act. Plaintiff may proceed with Count 1(i).

    B.    *Count 1(ii): Race-Based Punishment in Violation of 42 U.S.C. § 2000a-2*

Section 2000a-2 provides that:

> No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000a or 2000a-1 of this title.

42 U.S.C. § 2000a-2.

Plaintiff asserts the store manager "retaliated in bad faith by revoking plaintiff [sic] privileges and asking police officers to remove Plaintiff from the property and charge him with trespassing," (Doc. 34-1) at 20, ¶ 140, and he was "eventually arrested and charged for trespassing and disorderly conduct and eventually taken to jail for asserting his right," *id.* at ¶ 141.

---

[3] Plaintiff argues that the Lowe's qualifies as a place of public accommodation under 42 U.S.C. § 2000a(b)(2), so the Court addresses only this prong.

Taking Plaintiff's allegations as true, the proposed Amended Complaint adequately states a claim under § 2000a-2. Plaintiff may proceed with Count 1(ii).

    C.    *Count 1(v): Race-Based Exclusion from Program Receiving Federal Financial Assistance in Violation of 42 U.S.C. § 2000d*

Next, Plaintiff alleges that Lowe's "is a recipient of substantial financial assistance from federal government from its creation to present (specifically during covid-19)." (Doc. 34-1) at 22, ¶¶ 150–152. On this basis, Plaintiff asserts he was denied the benefits or subjected to discrimination under a program or activity receiving federal financial assistance, in violation of 42 U.S.C. § 2000d. *Id.*

Accepting as true the factual allegations contained in the proposed Amended Complaint, and passing no judgment on whether such a claim may ultimately be successful, Plaintiff may proceed with Count 1(v).

    D.    *Count 2: Disability-Based Discrimination by Exclusion in Violation of Title III of the ADA*

In Count 2, Plaintiff invokes Title III of the ADA and claims that Lowe's discriminated against him by excluding him on the basis of a disability. Title III "prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations." *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 128 (2005). Grocery stores, like Lowe's, are public accommodations. 42 U.S.C. § 12181(7)(E). Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The threshold question, then, is whether Plaintiff qualifies as having a "disability."

The ADA broadly defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as have such an impairment (as described in paragraph (3)). 42 U.S.C. § 12102(1). For its part, paragraph (3) explains that:

> [a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual established that he … has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

42 U.S.C. § 12102(3).

Plaintiff contends he is disabled because he "was born profoundly with memory disorders . . . ha[s] extreme difficulties speaking due to head congestion, and memory disorder, unable to control his voice, unable to fully concentrate . . . [and] ha[s] difficulties coordinating his movement when walking." (Doc. 34-1) at 24, ¶ 159. He further alleges he "suffered from constant high blood pressure, severe headache, extreme anxiety, nausea and head congestion, seizure, which sometimes result in fainting[.]" *Id.* at ¶ 160. The Court need not decide whether these allegations qualify as a "disability."

Plaintiff does not allege that Lowe's or its employees had any record of any purported disability, so he must rely on paragraph (3) to establish that he was regarded as having such an impairment. Here, Plaintiff has not made such a showing.

The only allegation suggesting a Lowe's employee *might* have regarded Plaintiff as having such an impairment comes in Paragraph 163, where Plaintiff alleges that the cashier "testified that she looked at Mr. Chandler eyes and think that he was up to it as a reason for declining service[.]" *Id.* at ¶ 163. Plaintiff also alleges that "no conversation transpired" between the cashier and Plaintiff before she declined to sell him alcohol. *Id.* at 6, ¶ 21. Plaintiff

does not allege any observable limitation that might have suggested to any employee that he was disabled or otherwise limited in the major life activities.

For this reason, Plaintiff has failed to state a claim for discrimination based on exclusion in violation of Title III. The Motion to Amend is denied with respect to Count 2.

   E. *Count 2(iii): Failure to Accommodate a Disability in Violation of the ADA*

Title III of the ADA requires a place of public accommodation to "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii). Again, the threshold question is whether Plaintiff qualifies as having a "disability." For the same reasons discussed above, Plaintiff failed to plausibly allege that Lowe's or its employees regarded him as having a disability. Also for these reasons, Count 2(iii) fails to state a claim and the Motion to Amend is denied with respect to Count 2(iii).

   F. *Counts 3 and 4: Race and Disability-Based Discrimination and Retaliation in Violation of the NMHRA*

Plaintiff invokes the New Mexico Human Rights Act, NMSA 1978, § 28-1-1 *et seq.* (NMHRA), in Count 3 (discrimination) and Count 4 (retaliation). The NMHRA makes it unlawful for:

> (F) any person in any public accommodation to make a distinction, directly or indirectly, in offering or refusing to offer its services, facilities, accommodations or goods to any person because of race, religion, color, national origin, ancestry, sex, sexual orientation, gender identity, pregnancy, childbirth or condition related to pregnancy or childbirth, spousal affiliation or physical or mental handicap; provided that the physical or mental handicap is unrelated to a person's ability to

> acquire or rent and maintain particular real property or housing accommodation;
>
> …
>
> (I) any person or employer to: … (2) engage in any form of threats, reprisal or discrimination against any person who has opposed any unlawful discriminatory practice or has filed a complaint, testified or participated in any proceeding under the [NMHRA]; ….

§ 28-1-7. In this context, a "person" means "one or more individuals, a partnership, association, organization, corporation, joint venture, legal representative, trustees, receivers or the state and all of its political subdivisions." § 28-1-2(A). A "public accommodation" for NMHRA purposes means "any establishment that provides or offers its services, facilities, accommodations or goods to the public, but does not include a bona fide private club or other place or establishment that is by its nature and use distinctly private." § 28-1-2(H).

Before bringing a claim under the NMHRA, a plaintiff must first exhaust the administrative grievance process with respect to all defendants named in the district-court lawsuit. *Dimas v. Pecos Ind. School Dist. Bd. of Ed.*, 2022 WL 816501, at *9 (D.N.M. Mar. 17, 2022) (citing *Luboyeski v. Hill*, 1994-NMSC-032, ¶ 7). Exhaustion of remedies requires a person to: (i) file a complaint with the New Mexico Human Rights Division or the Equal Employment Opportunity Commission making sufficient allegations to support the complaint; and (ii) receive an order of nondetermination from the New Mexico Human Rights Division. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 25.

Defendant cites *Dimas v. Pecos Independent School District Board of Education*, 2022 WL 816501 (D.N.M. 2022), for the proposition that Plaintiff needed to exhaust administrative remedies before filing this lawsuit. (Doc. 35) at 6. However, *Dimas* involved a plaintiff who never filed a complaint with the New Mexico Human Rights Division or the Equal Employment Opportunity Commission, and is therefore inapposite. *See* 2022 WL 816501, at *9. Moreover,

the remedy for a failure to exhaust at this early stage of litigation would be to stay the case and allow plaintiff to proceed with the administrative process. The administrative process has already concluded.

The Court determines that Plaintiff adequately exhausted his administrative remedies as of February 4, 2022, when he received the order of nondetermination. *See* (Doc. 34-1) at 3–4, ¶ 9. Defendant raises no other objection to Counts 3 and 4. Therefore, Plaintiff may proceed with Counts 3 and 4.

       G.     *Counts 5 and 6: Defamation and Intentional Infliction of Emotional Distress*

Defendant makes no argument with respect to Counts 5 and 6, Defamation and Intentional Infliction of Emotional Distress, respectively. Therefore, Plaintiff's Motion to Amend is granted with respect to Counts 5 and 6 and he may proceed on these claims.

       H.     *Count 7: Vicarious Liability*

The Court cannot discern whether Count 7 intends to state a theory of liability or to assert a separate claim. To the extent Count 7 states a theory of liability, it is not a "claim" and is otherwise futile. However, to the extent Count 7 asserts a claim for negligent training, hiring, retention, and supervision, *see* (Doc. 34-1) at 35–37, ¶¶ 214–221, Plaintiff adequately alleged such a claim and may proceed with Count 7.

       I.     *Counts 8 and 9: Punitive Damages and Injunctive Relief*

Defendant accurately points out that neither punitive damages nor injunctive relief constitute a "claim." They are both forms of relief, rather than causes of action. To the extent Plaintiff attempts to bring a cause of action for punitive damages and/or injunctive relief, the Motion to Amend is denied. However, to the extent Plaintiff simply states the relief he seeks, the

Motion to Amend is granted. Plaintiff adequately pled that he seeks punitive damages and injunctive relief.

IV.    *Conclusion*

For the reasons explained above, Plaintiff's Motion to Amend (Doc. 34) is granted-in-part and denied in part. Plaintiff will file an Amended Complaint within three (3) calendar days from the date of entry of this Memorandum Opinion and Order.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE